IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOSIAH R. BUNYARD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 6:08-cv-338 |
| | ) |
| REFORMED THEOLOGICAL SEMINARY, | ) |
| INC., REFORMED THEOLOGICAL | ) |
| SEMINARY OF FLORIDA, INC., FRANK | ) |
| A. JAMES, III, DAVID KIRKENDALL, | ) |
| MARK FUTATO, AND MICHAEL | ) |
| GLODO, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Josiah R. Bunyard and for his causes of action against Defendants states and alleges as follows:

### PARTIES

1. Plaintiff Josiah R. Bunyard is a citizen of Kansas living in Florida.

2. Defendant Reformed Theological Seminary, Inc., is a Mississippi Corporation licensed to do business and doing business in the State of Florida and may be served with process through its registered agent, Frank A. James III, at 1231 Reformation Drive, Oviedo, Florida, 32765.

3. Defendant Reformed Theological Seminary of Florida, Inc., is a Florida Corporation and may be served with process through its registered agent, Frank A. James III, at 1231 Reformation Drive, Oviedo, Florida, 32765. Defendants Reformed Theological

Seminary, Inc., and Reformed Theological Seminary of Florida, Inc. are hereinafter collectively referred to as "RTS."

4. Defendant Frank A James III is a resident of Orange County Florida and may be served with process at 531 Waterscape Way, Orlando, Florida, 32828.

5. Defendant David Kirkendall is a resident of Palm Beach County Florida.

6. Defendant Mark Futato is a resident of Seminole County Florida and may be served with process at 600 Lakepark Trail, Oviedo, Florida, 32765.

7. Defendant Michael Glodo is a resident of Orange County Florida and may be served with process at 2020 Natalen Road, Winter Park, Florida, 32792.

## JURISDICTION AND VENUE

8. Defendants are residents of Florida, Florida corporations, or foreign corporations doing business in Florida. The Court has personal jurisdiction over Defendants.

9. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to these claims occurred in Seminole County, Florida.

## FACTS COMMON TO ALL COUNTS

11. In June, 2007, Bunyard was admitted to receive an education from RTS.

12. In July, 2007, Bunyard moved to Orlando, Florida from Kansas in anticipation of commencing classes on the RTS campus in Orlando.

13. Bunyard paid tuition to RTS in exchange for RTS's promise to, among other things, give him an education in ministry. RTS accepted Bunyard's tuition payment.

14.     On November 9, 2007, Bunyard was unjustly expelled from RTS on the unfounded basis that he made a false statement on his application.

15.     Despite guarantees of due process found in the RTS student handbook and other places, RTS officials refused to provide Bunyard with any grievance or appeal procedures.

16.     Prior to his expulsion from RTS, Bunyard was excelling in his classes and had been invited to sit on the Student Council.

## COUNT I
## BREACH OF CONTRACT

17.     Bunyard incorporates and realleges ¶¶ 1 through 16 as if fully set forth herein.

18.     An express or implied contract existed between Bunyard and RTS, whereby in exchange for money and other valuable consideration, RTS agreed to provide Bunyard with an education.

19.     Bunyard fully performed all duties under his contract with RTS by, among other things, paying tuition to RTS.

20.     RTS breached its contractual duties to Bunyard by expelling him from its educational program without just cause.

21.     Bunyard suffered damages from his reliance upon his contract with RTS, including but not limited to moving expenses, lost wages, living expenses, expenses relating to tuition, books, and other educational materials, and his continuing apartment lease.

22.     Bunyard has been deprived the benefits of his expectation interest from his contact with RTS, which include but are not limited to an education and his ability to make a living in ministry, in an amount in excess of $75,000.

## COUNT II
## FRAUD

23. Bunyard incorporates and realleges ¶¶ 1 through 22 as if fully set forth herein.

24. On November 9, 2007, Defendants James, Kirkendall, and Futato represented to Bunyard that he had no right to appeal or file a grievance relating to his expulsion from RTS.

25. Defendants James, Kirkendall, and Futato's representations were false and contradicted the stated policies of RTS, as expressed in the RTS student handbook.

26. Defendants James, Kirkendall, and Futato knew that their representations to Bunyard were false at the time they made such representations, but intended to induce Bunyard's reliance to prevent him from filing a grievance or appeal in relation to his expulsion from RTS.

27. Bunyard relied upon the misrepresentations of Defendants James, Kirkendall, and Futato by not filing a grievance or appeal in relation to his expulsion from RTS.

28. Bunyard suffered damages in excess of $75,000 from his reliance on the fraudulent misrepresentations of Defendants James, Kirkendall, and Futato, including but not limited to moving expenses, lost wages, living expenses, expenses relating to tuition, books, and other educational materials, and his continuing apartment lease, an education and his ability to make a living in ministry.

29. Defendants James, Kirkendall, and Futato are employees and/or agents of RTS, and RTS is therefore liable for their fraudulent acts and statements.

## COUNT III
## DEFAMATION

30. Bunyard incorporates and realleges ¶¶ 1 through 29 as if fully set forth herein.

31. Defendants James, Kirkendall, Glodo and Futato made false statements about Bunyard to other employees and officers of RTS with intent to cause these employees and officers to take actions which lead to the expulsion of Bunyard from RTS.

32. In addition, at a November 2007 "town hall meeting" with the RTS student body, Defendants James, Kirkendall, Glodo and Futato made false statements about Bunyard with intent to damage Bunyard's reputation.

33. Defendants James, Kirkendall, Glodo and Futato's false statements about Bunyard ultimately lead to Bunyard's expulsion from RTS and caused damage to Bunyard's reputation in excess of $75,000 within the RTS student body, the surrounding community, the Christian job market, other seminaries, and Christian and secular media.

34. Defendants James, Kirkendall, Glodo and Futato are employees and/or agents of RTS, and RTS is therefore liable for their fraudulent acts and statements.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Bunyard incorporates and realleges ¶¶ 1 through 34 as if fully set forth herein.

36. Defendants James, Kirkendall, Glodo and Futato's intentional conduct, including but not limited to their misrepresentations to Bunyard, RTS staff and officers, and the RTS student body, was outrageous.

37. Defendants James, Kirkendall, Glodo and Futato knew that Bunyard's emotional distress would result from their outrageous conduct.

38. Defendant James, Kirkendall, Glodo and Futato's conduct actually caused Bunyard's severe emotional distress in an amount in excess of $75,000.

39. Defendants James, Kirkendall, Glodo and Futato are employees and/or agents of RTS, and RTS is therefore liable for their fraudulent acts and statements.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Josiah R. Bunyard prays for a judgment in excess of $75,000, for his costs and expenses in bringing and prosecuting this lawsuit, for injunctive and/or declaratory relief, and for such further relief as the Court deems just and equitable.

_____
Josiah R. Bunyard
20 Laurel Oaks Dr. #102
Winter Springs, FL 32708
316-833-8052
JosiahBunyard@aol.com